NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____

ANDREW HANGO,

          Plaintiff,

          v.

IMMIGRATION ENFORCEMENT
AGENT ATKINSON, et al.,

          Defendants.
_____

Civil Action No. 04-3286 (JAG)

**OPINION**

**GREENAWAY, JR., U.S.D.J.**

      This matter comes before this Court on the motion to dismiss or transfer the First Amended Complaint, pursuant to FED. R. CIV. P. 12(b)(6) and 28 U.S.C. §§ 1391(b), 1406(a), by defendants Immigration Enforcement Agent Atkinson ("Agent Atkinson"), Immigration Enforcement Agent Marcus ("Agent Marcus"), Supervisory Immigration Enforcement Agent W. Royall ("Agent Royall"), Supervisory Immigration Enforcement Agent Ephraim Moore ("Agent Moore"), Supervisory Immigration Enforcement Officer Paul Picone ("Officer Picone"), and Supervisory Deportation and Detention Officer Charlene Monroe ("Officer Monroe," and, collectively with Agent Atkinson, Agent Marcus, Agent Royall, Agent Moore, and Officer Picone, the "Moving Defendants"). For the reasons set forth below, Moving Defendants' motion to transfer shall be granted. Their motion to dismiss, pursuant to FED. R. CIV. P. 12(b)(6), shall be denied, as moot.

# I. FACTS

Plaintiff Andrew Hango ("Plaintiff") is a native of Tanzania who entered the United States with a student visa in or around September of 1997. (First Amended Complaint ("FAC") ¶ 3.) In or around September of 2001, the Immigration and Naturalization Service issued a Notice to Appear, charging that Plaintiff was subject to removal for failure to maintain his non-immigrant status as a student. (Id. at ¶ 16.)

Despite numerous petitions, applications, and appeals, Plaintiff failed to re-open his removal proceedings and obtain a stay of deportation. (Id. at ¶¶ 17-22.) Plaintiff was flown from Ohio to New York on or about May 11, 2004, at the direction of Immigration and Customs Enforcement officers. (Id. at ¶ 23.) Agents Atkinson and Marcus then escorted Plaintiff from New York to the Bergen County Jail in Hackensack, New Jersey. (Id. at ¶ 23.) While traveling to Bergen County Jail, Agent Atkinson informed Plaintiff that he was going to be deported, but promised that Plaintiff would be given an opportunity to contact his attorney prior to his departure. (Id.)

On May 12, 2004, Agents Atkinson and Marcus escorted Plaintiff to John F. Kennedy International Airport ("JFK Airport") in Jamaica, New York, from which he was to be flown to Tanzania. (Id. at ¶ 24.) After arriving at JFK Airport, Plaintiff requested permission to contact his attorney "to confirm the status of his appeal to the Board of Immigration Appeals that was filed in or about December of 2003." (Id. at ¶ 26.) Agents Atkinson and Marcus informed Plaintiff that his appeal had been denied, and refused to permit him to contact his attorney. (Id.) "When Plaintiff repeated his request to contact his attorney, Agent Atkinson responded: 'I don't care about the bullshit phone call. If you want to use a phone, go back to your f*cking country

2

and then you can call from there.'" (Id.)  When Plaintiff continued to repeat his request for permission to contact his attorney, Agent Atkinson "forcefully shoved Plaintiff into a chair, and began beating Plaintiff on his chest and in his face, throat and neck areas."  (Id. at ¶ 27.)  "Meanwhile, Agent Marcus forcibly and tightly clamped handcuffs onto Plaintiff's wrists in a manner that caused Plaintiff injury," and "then pinned Plaintiff's arms to the side of the chair in which Plaintiff was sitting, and applied excessive force."  (Id.)  Agents Atkinson and Marcus continued to beat and restrain Plaintiff until JFK Airport personnel ordered them to stop.  (Id. at ¶ 28.)

After the airport personnel informed them that Plaintiff would not be permitted to board any flight in his present condition, Agents Atkinson and Marcus transported Plaintiff to the Immigration and Customs Enforcement Office in New York City.  (Id. at ¶ 29.)  Plaintiff was transferred from there to the Bergen County Jail.  (Id. at ¶ 30.)  A Bergen County Jail guard inquired about Plaintiff's physical condition upon his arrival, but then told Plaintiff that "the jail staff 'won't do anything' about Plaintiff's predicament."  (Id.)  While at Bergen County Jail, Plaintiff made a number of requests for medical attention, but to no avail.  (Id. at ¶ 31.)  Plaintiff also asked that pictures be taken of his injuries, and that he be allowed to complete a police report, but these requests were also ignored.  (Id.)

On July 12, 2004, Plaintiff initiated the instant action as a pro se plaintiff.  After this Court granted Plaintiff's request for appointment of counsel, this Court granted Plaintiff leave to file the First Amended Complaint, which raises federal and common law claims against Moving Defendants, as well as Dr. Nur Chang ("Dr. Chang"), Delores Guida, R.N. ("Nurse Guida"), the Office of the Bergen County Sheriff, Warden John Duffy ("Warden Duffy"), and John Does 1-15

(collectively, the "Defendants"). Specifically, the claims raised against Dr. Chang, Nurse Guida, the Office of the Bergen County Sheriff, and Warden Duffy in Counts I and II of the First Amended Complaint address the inadequate medical care Plaintiff received at Bergen County Jail (Id. at ¶¶ 36-44), while the claims against the remaining Defendants iterated in Counts III through VI of the First Amended Complaint pertain to the alleged use of excessive force against Plaintiff (Id. at ¶¶ 45-63).

On November 26, 2007, Plaintiff filed a Notice of Dismissal, pursuant to FED. R. CIV. P. 41, voluntarily dismissing all claims asserted against defendants Dr. Chang, Nurse Guida, the Office of the Bergen County Sheriff, and Warden Duffy. (Docket Entry No. 82.)

## II. STANDARD OF REVIEW

28 U.S.C. § 1391(b), which sets forth the conditions under which venue may lie in a district, provides:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b). "In most instances, the purpose of statutorily specified venue is to protect the *defendant* against the risk that a plaintiff will select an unfair or inconvenient place of trial." Leroy v. Great W. United Corp., 443 U.S. 173, 183-84 (1979).

FED. R. CIV. P. 12(b)(3) permits a district court to dismiss a case for improper venue. That is, if the district court finds that venue is improper under § 1391(b), it is permitted to either

4

dismiss the case, or, "in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The court has "limited discretion" in such circumstances, however, and may only choose between dismissal or transfer of the case. Stanton-Negley Drug Co. v. Pa. Dept. of Pub. Welfare, No. 07-1309, 2008 WL 1881894, at *3 (W.D. Pa. Apr. 24, 2008). "[O]n a motion for dismissal for improper venue under Rule 12 the movant has the burden of proving the affirmative defense asserted by it." Myers v. Amer. Dental Ass'n, 695 F.2d 716, 724 (3d Cir. 1982).

### III. ANALYSIS

The First Amended Complaint provides that "[v]enue is appropriate in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in New Jersey." (FAC ¶ 2.) Defendants contend that venue in this Court is improper because a substantial part of the activities giving rise to Plaintiff's claims occurred in New York, and not New Jersey.

This Court finds that venue in New Jersey is not proper, pursuant to § 1391(b)(2). The claims against Moving Defendants, the only remaining defendants in this action, focus on the physical assault against Plaintiff, which allegedly took place at JFK Airport in New York. Although Agents Atkinson and Marcus transported Plaintiff to the Bergen County Jail in New Jersey after the alleged assault, the causes of action raised against Moving Defendants do not rest upon any events that took place in New Jersey. "The test for determining venue is not the defendant's 'contacts' with a particular district, but rather the location of those events or omissions giving rise to the claim . . . ." Cottman Transmission Sys., Inc. v. Martino, 36 F.3d 291, 294 (3d Cir. 1994). Although Agents Atkinson and Marcus traveled into New Jersey when

5

transporting Plaintiff to the Bergen County Jail, this act did not give rise to the Section 1983 claims, the Bivens claims, or the common-law tort claims Plaintiff asserts in the First Amended Complaint.

In arguing against transfer of this case, Plaintiff attempts to rely on his Section 1983 claims against Dr. Chang, Nurse Guida, Warden Duffy, and the Office of the Bergen County Sheriff, by pointing out that he was transported to New Jersey after the assault, where his requests for treatment were allegedly ignored. (Pl. Br. 22) (emphasis in original.) However, in the Notice of Dismissal dated November 26, 2007, Plaintiff voluntarily dismissed all claims raised against Dr. Chang, Nurse Guida, Warden Duffy, and the Office of the Bergen County Sheriff.[1] (Docket Entry No. 82.) Since the remaining claims arose from events that allegedly occurred in New York, venue in this Court is not proper. See A.D.M. Club Mgmt. Sys., Inc. v. Gary Jonas Computing, Ltd., No. 05-3943, 2006 WL 2689400, at *8 (D.N.J. Sept. 19, 2006) ("[B]ecause this Court must dismiss claims by the only New Jersey litigant, . . . there is nothing in the Amended Complaint or Plaintiffs' brief to demonstrate that any part of the events giving rise to the remaining claims occurred in the District of New Jersey."). Plaintiff cannot rely on the allegations he voluntarily dismissed to hold off transfer of this action to New York.[2]

---

[1] Plaintiff has not alleged in the First Amended Complaint that any of the Moving Defendants deprived him of medical treatment while en route to or in New Jersey.

[2] Moving Defendants urge this Court to dismiss, rather than transfer, this case, pursuant to 28 U.S.C. § 1406(a). They argue that, although this case could be transferred to the Eastern District of New York, it should instead be dismissed because the United States District Court for the Eastern District of New York would ultimately dismiss the First Amended Complaint for the reasons set forth in Moving Defendants' motion to dismiss. This Court declines to dismiss the First Amended Complaint, and shall instead transfer this action to the Eastern District of New York without exploring the merits of Moving Defendants' arguments in support of its Rule 12(b)(6) motion.

## IV. CONCLUSION

For the reasons set forth above, Moving Defendants' motion to transfer this case shall be granted. Since a substantial part of the activities giving rise to Plaintiff's claims occurred in Queens, New York, this action shall be transferred to the United States District Court for the Eastern District of New York. Moving Defendants' motion to dismiss, pursuant to FED. R. CIV. P. 12(b)(6), shall be denied, as moot.

     S/Joseph A. Greenaway, Jr.
     JOSEPH A. GREENAWAY, JR., U.S.D.J.

Date: September 17, 2008