UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ANDREW HANGO,

               Plaintiff,

    -against-

GEORGE ATKINSON et al.,

               Defendants.
------------------------------------------------------------------X

**ORDER**

08-CV-3970 (NGG)

NICHOLAS G. GARAUFIS, United States District Judge.

On February 23, 2010, after a two-day jury trial before Judge Tucker L. Melancon,[1] the jury found in favor of Defendants George Atkinson and Lawrence Marcus on Plaintiff Andrew Hango's excessive-force claim, and the court entered judgment on the same day. (J. (Dkt. 163).) Plaintiff, now proceeding pro se,[2] moves, pursuant to Rule 60(b)(3) of the Federal Rules of Civil Procedure, for relief from the February 23, 2010, judgment in favor of Defendants. (Mot. for Relief from J. (Dkt. 171); see Def. Mem. in Opp'n to Pl. Mot. for Relief from J. (Dkt. 186); Pl. Reply Mot. (Dkt. 188); J.) For the reasons provided below, the court determines that Plaintiff's motion is untimely. In light of the court's determination that Plaintiff's motion is untimely, it need not address the merits of Plaintiff's motion. Nevertheless, the court notes that Plaintiff's motion identifies no valid reason for why the court should grant Plaintiff relief from the court's judgment. Thus, even if Plaintiff's motion had been timely, the court would still deny the motion.

      Accordingly, Plaintiff's motion is DENIED.

---

[1] This case was reassigned from Judge Melancon, who was visiting from the U.S. District Court for the Western District of Louisiana, to the undersigned on June 28, 2017. (June 28, 2017, Order Reassigning Case.)

[2] Because Plaintiff is pro se, the court construes Plaintiff's motion liberally. See Corcoran v. N.Y. Power Auth., 202 F.3d 530, 536 (2d Cir. 1999).

1

I.  BACKGROUND

Plaintiff, then represented by counsel, filed his amended complaint on July 19, 2007, in which he alleged, among other things, that Defendants applied excessive force while attempting to remove Plaintiff from the United States at John F. Kennedy International Airport ("JFK"). (Am. Compl. (Dkt. 67).) After voluntarily dismissing his other claims (Notice of Voluntary Dismissal (Dkt. 82); Stip. & Order of Partial Dismissal and Amending Case Caption (Dkt. 119)), Plaintiff's excessive-force claim proceeded to trial. On February 23, 2010, after a two-day jury trial before Judge Melancon, the jury found in favor of Defendants, and the court entered judgment on the same day. (J.)

Thereafter, Plaintiff appealed the judgment to the United States Court of Appeals for the Second Circuit. Plaintiff argued that the judgment should be reversed due to (1) improper venue; (2) ineffective assistance of counsel and "fraud [in the] actions" of counsel, which resulted in his attorneys improperly agreeing to voluntarily dismiss the denial-of-medical-care claims; (3) fraud in the failure of Defendants to present surveillance tape from JFK and eyewitnesses at trial; (4) the absence at trial of two jurors selected by Plaintiff; (5) errors in the court's rulings against Plaintiff on the motions in limine; and (6) the timing of the filing of Defendants' motion in limine, which Plaintiff alleged occurred on the eve of trial. Br. for Appellant, Hango v. Royall, 466 F. App'x 30 (2d Cir. 2012) (summary order) (No. 10-1063), ECF No. 78.

The Second Circuit affirmed the February 23, 2010, judgment by summary order, rejecting all of Plaintiff's arguments—holding that they were either meritless or waived. Hango, 466 F. App'x at 32-35. Plaintiff then petitioned the Second Circuit for a panel rehearing, or, in the alternative, for rehearing en banc. Petition for Rehearing En Banc, Hango, 466 F. App'x 30 (No. 10-1063), ECF No. 133. Plaintiff's petition also requested relief pursuant to Rule 60(b).

(Id.) On June 12, 2012, the Second Circuit denied Plaintiff's petition. Order, Hango, 466 F. App'x 30 (No. 10-1063), ECF No. 146.

On May 4, 2017, almost five years after the Second Circuit denied Plaintiff's petition, Plaintiff filed the motion that is now before the court. (Mot. for Relief from J.)

## II. DISCUSSION

According to Rule 60(c)(1) of the Federal Rules of Civil Procedure, "[a] motion under Rule 60(b) must be made within a reasonable time—and for [motions under Rule 60(b)(1), (2), and (3),] no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Thus, a motion made under Rule 60(b)(3) must be made "no more than a year after the entry of the judgment." Id. "This limitations period is absolute." Warren v. Garvin, 219 F.3d 111, 114 (2d Cir. 2000); see East End Eruv Ass'n, Inc. v. The Vill. of Westhampton Beach, No. 11-CV-213 (AKT), 2015 WL 5774981, at *2 (E.D.N.Y. Sept. 30, 2015) ("A motion under Rule 60(b)(3) has a strict one-year statute of limitation."). District courts cannot extend the time to act under Rule 60(b). Brown v. State Farm Fire & Cas. Co., 574 F. App'x 46, 47 (2d Cir. 2014) (summary order) ("The time limits placed on a Rule 59(e) or Rule 60(b) motion may not be extended by the district court."). Further, the one-year statute of limitations for Rule 60(b)(3) motions applies with equal force to pro se litigants. See Warren, 219 F.3d at 114; King v. First Am. Investigations, 287 F.3d 91, 114 (2d Cir. 2002) (holding that a pro se Rule 60(b)(3) motion filed less than two years after entry of judgment was untimely).

Plaintiff's motion is untimely because it was not filed within one year of the date of the entry of the judgment from which it seeks relief. Plaintiff filed his motion on May 4, 2017—more than seven years after this court entered judgment against him, and almost five years after the Second Circuit affirmed this court's judgment and denied Plaintiff's request for rehearing en

banc. Thus, even if the operative date starting Plaintiff's one-year window to file his Rule 60(b) motion were June 12, 2012, the date of the Second Circuit's denial of his request for rehearing en banc, Plaintiff's Rule 60(b) motion would still be approximately four years late.

Additionally, even if Plaintiff's motion were construed as a motion seeking relief under Rule 60(d)(3), this would not enable him to avoid the one-year statute of limitations. See East End Eruv Ass'n, Inc., 2015 WL 5774981, at *3; Wallace v. United States, No. 09-CV-3927, 2014 WL 3611549, at *2 (E.D.N.Y. July 22, 2014) ("[F]ailure to raise a fraud claim within one year under Rule 60(b)(3) precludes a litigant from alleging that the same fraud entitles it to equitable relief [under Rule 60(d)(3)] absent extraordinary circumstances." (alterations in original) (quoting In re Hoti Enters., L.P., 549 F. App'x 43, 44 (2d Cir. 2014))).

Further, even if the requirement were not that the motion be filed within one year, and if the requirement instead were that the motion be filed within a "reasonable time," Plaintiff has also failed to file his motion within a "reasonable time."

In light of the court's determination that Plaintiff's motion is untimely, it need not address the merits of Plaintiff's motion. Notwithstanding this, the court notes that Plaintiff's motion identifies no valid reason for why the court should grant Plaintiff relief from the court's judgment. Thus, even if Plaintiff's motion had been timely, the court would still deny the motion.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's motion for relief from judgment (Dkt. 171) is DENIED.

The Clerk of Court is respectfully DIRECTED to mail a copy of this order by certified mail, return receipt requested, to pro se Plaintiff Andrew Hango at his address of record.

SO ORDERED.

Dated: Brooklyn, New York
   June _1_, 2018

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge