UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ANDREW HANGO,

               Plaintiff,

               -against-

GEORGE ATKINSON et al.,

               Defendants.
------------------------------------------------------------------X

**MEMORANDUM & ORDER**

08-CV-3970 (NGG) (JO)

D/F

NICHOLAS G. GARAUFIS, United States District Judge.

On March 18, 2005, Plaintiff was granted in forma pauperis status in connection with this action. (Mar. 18, 2005 Order (Dkt. 14).) Plaintiff then proceeded to trial, during which he was represented by pro bono counsel from the law firm Dechert LLP. (See Order Appointing Pro Bono Counsel (Dkt. 41).) On February 23, 2010, after a two-day jury trial before Judge Tucker L. Melancon,[1] the jury found in favor of Defendants George Atkinson and Lawrence Marcus, and the court entered judgment on the same day. (J. (Dkt. 163).)

Plaintiff, now represented by counsel from the law firm Dai & Associates, P.C., appealed from the jury verdict. (See Notice of Civil Appeal, Hango v. Royall, 466 F. App'x 30 (2d Cir. 2012) (Dkt. 1); Mot. for Pro Se Status, Hango, 466 F. App'x 30 (Dkt. 44).) Seven months after filing his appeal, Plaintiff terminated his representation and proceeded pro se. (Mot. for Pro Se Status.) The Second Circuit affirmed the district court's judgment, Hango, 466 F. App'x 30 (summary order), and denied Plaintiff's application for rehearing en banc (Order, Hango, 466 F. App'x 30 (Dkt. 146).) Plaintiff, still proceeding pro se, then returned to the district court seeking relief from the judgment pursuant to Rule 60(b)(3) of the Federal Rules of Civil Procedure,

---

[1] This case was reassigned from Judge Melancon, who was visiting from the U.S. District Court for the Western District of Louisiana, to the undersigned on June 28, 2017. (June 28, 2017 Order Reassigning Case.)

1

which this court denied as untimely on June 1, 2018 (the "June 1 Order"). (Mot. for Relief from J. (Dkt. 171); June 1, 2018 Order (Dkt. 191).) On June 14, 2018, Plaintiff noted his appeal from the June 1 Order. (Notice of Appeal (Dkt. 192).)

Throughout this whole time, Plaintiff retained his in forma pauperis status. On June 18, 2018, Defendants filed a letter motion requesting that the court revoke plaintiff's in forma pauperis status for purposes of his appeal of the June 1 Order. (Defs. June 18, 2018 Letter (Dkt. 194).) Plaintiff filed a response in opposition to Defendants' request. (Pl. June 27, 2018, Letter (Dkt. 197).) On September 11, 2018, the court granted Defendants motion and revoked Plaintiff's in forma pauperis status, namely because Plaintiff "failed to show that his appeal would not simply raise the same issues that the court has deemed to be frivolous." (Sept. 11, 2018 Order (the "Sept. 11 Order") (Dkt. 200).)

On September 26, 2018, Plaintiff filed a motion to reconsider this court's September 11, 2018 Order. (Mot. for Recon. ("Mot.") (Dkt. 201).) On November 1, 2018, Defendants filed a response in opposition to Plaintiff's motion. (Defs. Resp. (Dkt. 205).) On November 16, 2018, Plaintiff filed a reply to Defendants response. (Pl. Reply (Dkt. 207).)

For the reasons provided below, the court DENIES Plaintiff's motion to reconsider its September 11, 2018 Order. Accordingly, Plaintiff's in forma pauperis status remains REVOKED for purposes of his appeal from the June 1 Order.

I.  **LEGAL STANDARD**

"Reconsideration of a court's previous order is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" Montanile v. Nat'l Broad. Co., 216 F. Supp. 2d 341, 342 (S.D.N.Y. 2002) (quoting In re Health Mgmt. Sys. Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)). Local Rule 6.3, which governs

2

motions for reconsideration, is intended to "'ensure the finality of decisions and to prevent the practice of a losing party. . . plugging the gaps of a lost motion with additional matters.'" S.E.C. v. Ashbury Capital Partners, No. 00-CV-7898 (RCC), 2001 WL 604044, at *1 (S.D.N.Y. May 31, 2001) (quoting Carolco Pictures, Inc. v. Sirota, 700 F. Supp. 169, 170 (S.D.N.Y. 1988)). The provision for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (citation and internal quotation marks omitted).

A motion for reconsideration is not granted "unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). See Rollins v. N.Y. State Div. of Parole, 03-CV-5952 (NGG), 2007 WL 539158, at *2 (E.D.N.Y. Feb. 16, 2007) ("A motion for reconsideration may be granted only if a court overlooked (1) factual matters that were put before it on the underlying motion or (2) controlling legal authority.").

### III. DISCUSSION

Plaintiff's motion for reconsideration of this court's September 11, 2018 Order fails to identify any factual matters or controlling legal authority that this court overlooked in its decision. (See Mot.) The motion primarily states its disagreement with the September 11, 2018 Order without pointing to or presenting new facts, evidence, or intervening legal authority in support of its position that the court overlooked. (Id.) Indeed, the authority to which the motion

cites was already considered by this court or is not intervening law compelling a contrary conclusion.[2]

Accordingly, the court finds that Plaintiff has failed to present "an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice" sufficient to warrant reconsideration of the September 11, 2018 Order. See Local Civil Rule 6.3. See also Leidig v. BuzzFeed, Inc., 258 F. Supp. 3d 397, 400 (S.D.N.Y. 2017) (finding that a motion for reconsideration failed on the merits because plaintiff did not present additional evidence or intervening law); Anwar v. Fairfield Greenwich Ltd., 164 F. Supp. 3d 558, 561 (S.D.N.Y. 2016) (same). Plaintiff's motion is therefore denied.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration (Dkt. 201) is DENIED. The Clerk of Court is respectfully DIRECTED to mail a copy of this order by certified mail, return receipt requested, to pro se Plaintiff Andrew Hango at his address of record.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
May 13, 2019

NICHOLAS G. GARAUFIS
United States District Judge

---

[2] Plaintiff also argues that "the court dismissed the rule 60(b) motion solely because of timeliness or lack thereof of the motion and only mention in passing that it 'identifies no valid reasons, why reliefs from judgment should be granted, it did not find any of Hango's claims frivolous or malicious.'" (Mot. at 2.) This is simply not true. In this court's September 11, 2018 Order, the court found that, "Plaintiff has additionally failed to show that his appeal would not simply raise the same issues that the court has deemed to be frivolous." (Sept. 11 Order at 3.)

4